IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTWAN O'BRIAN LLOYD,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )      1:19CV3
                                 )
SCOTLAND COUNTY SHERIFF          )
DEPARTMENT, et al.,              )
                                 )
            Defendant(s).        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner, submitted a pro se complaint under 42 U.S.C. § 1983 and

requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a).  Plaintiff

names two officers with the Scotland County Sheriff's Department, Earl Haywood and

Jessica Sadovnikov, the Department itself, and the Laurinburg Exchange, a newspaper in

Scotland County, as Defendants in this matter.  Plaintiff alleges that Defendants Haywood

and Sadovnikov coerced a woman named Kaitlin Smith to claim that Plaintiff beat her,

caused her unborn child to die, and sold drugs at his residence.  He alleges that they then

entered his residence, searched it without a search warrant, and planted false evidence before

charging him with a number of drug charges.  Plaintiff claims that when it appeared he might

post bail, they then thwarted him by charging him with the murder of Smith's unborn child.

Plaintiff alleges that all charges were later dropped with the exception of two charges for

misdemeanor possession of drug paraphernalia. He does not allege the outcome of those charges. However, the state drug charges against Plaintiff resulted in the revocation of his federal supervised release in United States v. Lloyd, No. 1:12CR23-1 (M.D.N.C.). Plaintiff remains incarcerated based on that revocation. Plaintiff also alleges that the Laurinburg Exchange published a story describing the false charges, which resulted in a loss of reputation to Plaintiff and caused harassment by other inmates. Plaintiff seeks damages as a result of these alleged incidents.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

-2-

accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted with the exception of Plaintiff's claim that Defendants Haywood and Sadovnikov charged Plaintiff with the murder of an unborn child after pressuring a witness to make false statements supporting those charges.

Plaintiff's claims against the Scotland County Sheriff's Department and the Laurinburg Exchange easily fail.  Section 1983 imposes liability only on "persons" who violate a plaintiff's federally protected civil rights.  Plaintiff names the entire Department as a defendant.  Plaintiff could potentially name the Sheriff of Scotland County as a defendant, but would still fail to state any claim for relief.  He describes no personal involvement in the allegedly false charges by the Sheriff and theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983.  Iqbal,

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.'  But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

556 U.S. at 677.  Plaintiff does allege that an unnamed person or persons in the Sheriff's Department provided information regarding the nature of his charges to the Laurinburg Exchange, which then published a story on the charges.  However, he does not name the person or persons responsible and, in any event, it was not a violation of Plaintiff's rights to give truthful information regarding pending charges to a newspaper.  Plaintiff makes no allegation that the person or persons providing the information knew of the allegedly false nature of the charges.

As for Plaintiff's claims against the Laurinburg Exchange, § 1983 imposes liability only on state actors, not private entities.  The a newspaper is plainly not a state actor.  Therefore, Plaintiff states no claim against the Exchange and his claims against it should be dismissed.

Turning to Plaintiff's claims against Haywood and Sadovnikov, he alleges that they worked in concert to falsely charge him at two slightly separate times with drug charges and the murder of an unborn child.  Plaintiff cannot proceed with any claim related to the drug charges because those charges supported the revocation of his supervised release in this Court.  Lloyd, No. 1:12CR23-1, Docket Entries 71, 72, 74.)  Plaintiff cannot raise a claim that would undermine that revocation without first showing that such revocation has been reversed on direct appeal, expunged by Executive Order, or called into question by a federal court through the issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477 (1994) (prohibiting the use of claims under § 1983 to challenge a criminal conviction); Reilly v. Herrera, 622 F. App'x 832, 834-35 (11th Cir. 2015) (applying Heck to bar a claim

-4-

that would challenge a federal supervised release revocation); <u>Wingo v. Mullins</u>, 400 F. App'x 344, 346-47 (10th Cir. 2010) (same); <u>Missouri v. United States</u>, C/A No. 2:09-3269-CMC-RSC, 2010 WL 1488108, T *3 (D.S.C. Mar. 2, 2010) (unpublished) (same, collecting cases). Plaintiff's revocation and the resulting sentence currently remain in place. Therefore, dismissal of Plaintiff's claim related to his drug charges is proper for this reason.

Plaintiff's claim as to the charges that he killed Smith's unborn child are a different matter. Those charges do not appear to have been a basis for the revocation of his supervised release in this Court or any conviction in the state courts. He alleges that Defendants Haywood and Sadovnikov worked in concert to pressure Smith into giving false statements so that they could bring charges on which he later prevailed. Plaintiff states a possible claim for relief on this allegation and it alone should be allowed to proceed.

Turning now to Plaintiff's request to proceed *in forma pauperis*, the Court finds that Plaintiff has no money with which to make an initial partial payment of the filing fee as set out in § 1915(b)(1). Therefore, the Court will not order such a fee, but will grant the request to proceed *in forma pauperis* and order Plaintiff's custodian with withdraw periodic payments should funds become available.

IT IS THEREFORE RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted except as to Plaintiff's claims that Defendants Haywood and Sadovnikov charged Plaintiff with the murder of an unborn child after pressuring a witness to make false statements supporting those charges.

-5-

IT IS ORDERED that Plaintiff's request to proceed *in forma pauperis* is granted.

IT IS FURTHER ORDERED that Plaintiff's trust officer is be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of March of 2019, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff summonses for Defendants Haywood and Sadovikov. Plaintiff must fill out a summons for each defendant, including an address suitable for service, and then return the summons(es) to the Clerk. Failure to provide an address wherein service may be made on any defendant will result in the dismissal of the action as to all such unserved defendants after 90 days from the filing of the complaint. See Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that the United States Marshal, upon return of the properly completed summons(es) shall serve the Complaint on the defendant(s).

This, the 8th day of February, 2019.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
